## Shamburger, Judge, et al. v. Tierney.

January 23, 1951.

Lawrence S. Grauman, Judge.

460

Lawrence G. Duncan for appellant.

Edwin H. Stierle for appellee.

JUDGE MILLIKEN—Reversing.

This is an appeal from a judgment of the Jefferson Circuit Court involving the construction of KRS 64.530, which is part of the new salary law enacted by the General Assembly at its 1950 session. The question to be determined is whether the Fiscal Court of Jefferson County is authorized, under the provisions of KRS 64.530, Chapter 123, Section 9, of the Acts of 1950, to employ a number of assistant county attorneys in excess of the number authorized by KRS 69.280. An assistant attorney general has ruled that the new salary act repealed, by implication, KRS 69.280, but the Circuit Court decided otherwise in the belief that by KRS 64.530, the pertinent part of the new salary act, that all the General Assembly had intended to do was to vest authority in the Fiscal Court to determine the number of deputies or assistants which any county officer could have where no other provision of the statutes had limited the number of assistants.

KRS 69.280 provides as follows: "In counties having a population of 250,000 or more the county attorney shall appoint a first and a second assistant county attorney. The assistant attorneys shall be appointed for terms of four years subject to removal at any time by the county attorney."

The pertinent provisions of KRS 64.530 read as follows: "In the case of officers compensated from fees, or partly from fees and partly by salary, the fiscal court shall fix the maximum compensation that the officer may receive, from both sources, and also shall have authority to fix the number of deputies and assistants, and the compensation thereof, and the maximum amount that the officer may expend each year for expenses of his office."

It is our conclusion that the two acts are not irreconcilable, and that it is possible to construe them in a way that will give both of them effect. It is our opinion that KRS 69.280 is intended to assure the county attorney of Jefferson County at least two assistant county attorneys, and that the pertinent provision of KRS 64.530 is in-

tended to authorize the Fiscal Court to grant him more than two assistants if it deems the work of his office requires it.

In view of the great growth of the population in Jefferson County and the considered judgment of the Fiscal Court by its action in authorizing the employment of a third assistant by the county attorney, we believe that the construction of the statutes here involved is in the interest of the public welfare.

Judgment reversed.